# United States District Court

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| MARK DISANTI | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 4:10-CV-103 |
| | § | Judge Mazzant |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Mortgage Electronic Registration Systems, Inc.'s 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. #16). The Court, having considered the relevant pleadings, finds that Defendant's Motion to Dismiss should be granted.

Plaintiff filed his Original Petition in the 367th Judicial District Court of Denton County on February 8, 2010, seeking a declaratory judgment that Defendant's lien on real property should be discharged and judicially released. On March 10, 2010, Defendant removed this case to this Court. After Defendant filed a Motion to Dismiss, the Court ordered Plaintiff to file an amended complaint. On May 22, 2010, Plaintiff filed his First Amended Complaint (Dkt. #14).

On or about October 6, 2009, Plaintiff purchased a parcel of real property (the "Property") located in Denton County, Texas. Plaintiff purchased the Property at a foreclosure sale, legally and properly conducted by a homeowners' association. The homeowners' association had foreclosed on the Property because Plaintiff's predecessor in interest, Kenneth Y. Lee ("Lee"), had failed to pay certain assessments. At the time Lee purchased the Property, he purportedly executed a Deed of Trust in favor of Defendant, and a promissory note (the "Note") in favor of Countrywide Home Loans.

Plaintiff sues Defendant seeking the following: (1) a decree of the Court that Defendant's lien

is invalid and a judgment quieting title in favor of Plaintiff; (2) a declaration holding that Defendant's lien is void and of no effect; (3) if Defendant's lien is found valid, a declaration that Plaintiff is entitled to keep the Property subject to Defendant's lien; (4) an accounting and declaration of Plaintiff's rights with respect to undefined liens; and (5) attorney's fees.

On June 14, 2010, Defendant filed its second motion to dismiss (Dkt. #16).  On July 14, 2010, Plaintiff filed his Opposition to Defendant's Motion to Dismiss (Dkt. #21).  On July 14, 2010, Defendant filed a supplement to its motion to dismiss (Dkt. #20).  On July 15, 2010, Plaintiff filed a reply to Defendant's supplement (Dkt. #22).  On July 20, 2010, Defendant filed a reply (Dkt. #24).

Defendant moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions.  A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In deciding a Rule 12(b)(6)

2

motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzalez*, 577 F.3d at 603 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1951. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 469 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

Defendant moves to dismiss all claims, asserting that Plaintiff has failed to plead facts that would support a request for declaratory relief or to quiet title. First, Plaintiff asserts a claim to quiet title. Plaintiff argues that the original payee of the Note no longer owns and holds the Note and

3

therefore may not enforce the Deed of Trust.  Plaintiff further argues that the Deed of Trust, though not void on its face, is invalid.  Plaintiff's argument centers around the allegation that the Note and Deed of Trust have been separated, with Defendant as the beneficiary under the Deed of Trust and some other entity holding the Note.  Defendant moves to dismiss this cause of action because Plaintiff cannot plead sufficient facts to prevail on a trespass-to-try-title case.

"To prevail in a trespass-to-try-title action, Plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004)(citation omitted).  "The pleading rules are detailed and formal, and require a plaintiff to prevail on the superiority of his title, not on the weakness of a defendant's title."  *Id.* (citation omitted).

Defendant asserts that the only way Plaintiff can extinguish Defendant's interest in the Property is to plead and prove a trespass-to-try-title action based upon his superior title to the Property.  The Court agrees.  Plaintiff does not assert a superior title and he alleges no facts that would support this claim.  Plaintiff merely asserts legal conclusions, and until Plaintiff pleads a proper claim to a superior title, Plaintiff's claim is not plausible.

Although the factual situation does raise interesting questions under Texas law regarding the splitting of the Deed of Trust from the Note, this issue has not been properly presented to this Court. Even if Defendant is not the holder of the Note, Plaintiff purchased the Property at an inferior loan foreclosure and took the Property subject to superior liens.  "Foreclosure does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed.  In fact, the general rule is that the successful bidder at a junior lien foreclosure takes title subject to the prior liens."

*Conversion Properties, L.L.C. v. Kessler*, 994 S.W.2d 810, 813 (Tex. App.-Dallas 1999)(citations omitted). Because Plaintiff has failed to allege that he owns superior title to the Property, his claim to quiet title should be dismissed.

Plaintiff's second claim for relief is a claim for declaratory relief. Plaintiff asserts that he is the owner of the Property and asks for a declaration that Defendant's purported lien is void and of no effect. In the alternative, Plaintiff asserts that if it is determined that a purported senior lien is valid, Plaintiff seeks a declaration that he is entitled to keep and maintain the Property subject to such lien so long as he complies with the terms thereof. Plaintiff also seeks an accounting and a declaration as to his rights with respect to such liens.

When a declaratory judgment action filed in state court is removed to federal court, that action is, in effect, converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. The federal Declaratory Judgment Act states, "In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Federal courts have broad discretion to grant or refuse declaratory judgment. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The Declaratory Judgment Act is "an authorization, not a command." *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). It gives federal courts the competence to declare rights, but does not impose a duty to do so. *Id.*

Defendant asserts that there is no actual controversy between the parties. Defendant argues

that Plaintiff has not established any current controversy that subjects him to any identifiable injury. Defendant further asserts that there is no assurance that Defendant could not become the holder of the Note prior to any attempt to sell the Property at a foreclosure. Thus, Defendant moves to dismiss Plaintiff's request to have the lien declared void because Plaintiff cannot obtain such relief under the Declaratory Judgment Act. The Court agrees that Plaintiff cannot seek a declaration in this situation. The Court finds that there is not a controversy that requires the Court to address Defendant's interest in the Property. Since Plaintiff has not pleaded a proper claim to quiet title, he cannot seek a declaration of the same relief. Plaintiff's argument that the named beneficiary under a deed of trust who does not hold or own the note has no rights to enforce it, although correct, does not alter the result in this case. Whether Defendant could successfully foreclose on the Property is not before the Court because no attempts have been made to foreclose. Almost all of Plaintiff's allegations have nothing to do with a live controversy between the parties.

However, Defendant does agree with two of Plaintiff's allegations: that Defendant claims a superior right in the Property, and that Plaintiff has an obligation to service the lien. Plaintiff argues that, assuming for the sake of argument that Defendant's interests are valid and enforceable, Plaintiff, as purchaser of a junior lien, still has the right to service the senior lien. Plaintiff asserts that in order to be able to service the lien, he must establish the identity of the party that holds the debt and he must have an accounting of what must be done to satisfy it.[1]

The parties are in agreement that Plaintiff would have an obligation to service the prior debt

---

[1] In its supplement to the motion, Defendant asserts that Plaintiff filed a case against it in the Northern District of Texas, alleging the identical allegations, which was dismissed by the Court. *See Mark Disanti v. Mortgage Electronic Registration Systems, Inc.*, 4:10-cv-287-A, (N.D. Tex, Fort Worth Division). Plaintiff asserts that the Fort Worth case was settled and that was the basis for the dismissal. The cases appear to the Court to be nearly identical with the exception that Plaintiff attempted to plead a quiet title claim in this new case. However, a review of the transcript indicates that the Court was granting Defendant's motion to dismiss because there was no live controversy between the parties.

on the Property.  "The purchaser takes the property charged with the primary liability for the payment of the prior mortgage and must therefore service the prior liens to prevent loss of the property by foreclosure of the prior liens." *Conversion Properties*, 994 S.W.2d at 813.  Defendant asserts that there is no justiciable controversy between the parties on this issue because it has agreed that Plaintiff may keep the Property if he makes the payments owed on it.  The Court agrees that, with this agreement, there is no live controversy between the parties.  However, the Court will require that Defendant provide to Plaintiff the identity of the holder of the Note so that Plaintiff knows to whom he needs to pay the money which is owed under the Note.

Plaintiff also asserts a claim for an accounting.  Defendant moves to dismiss this claim because an accounting is an equitable remedy and not an independent cause of action.  The Court agrees.  Plaintiff has no cause of action that allows for an accounting, and this equitable relief should be dismissed.  Likewise, Plaintiff's claim for attorney's fees should also be dismissed because there is no claim that survives that would allow for such an award.

It is hereby ORDERED that Mortgage Electronic Registration Systems, Inc.'s 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. #16) is hereby GRANTED and Plaintiff's claims should be DISMISSED.

It is further ORDERED that Defendant shall provide to Plaintiff, within ten (10) days of this Order, the information about the holder of the Note so that Plaintiff knows to whom he needs to pay the money which is owed to the lender.  After the Court is notified that this information has been provided, a final judgment will be entered.

**SIGNED this 23rd day of August, 2010.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE